In the Matter of Louis I. Rothenberg, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, May 2, 1963.

*John G. Bonomi* of counsel (*Raymond P. Whearty* with him on the brief), for petitioner.

*Harold I. Panken* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1927. He has been charged with extensive solicitation of negligence actions, filing false retainer agreements, and fee-splitting with laymen. Specifically, respondent had close association with a group of lay ambulance chasers who brazenly sold retainers from persons injured in accidents. The charges in addition to solicitation arose out of the handling of the cases which respondent received from this ring. Respondent pleaded guilty to an indictment based on these facts and was sentenced to a year in prison. This court later reduced the sentence to five months.

Respondent makes no defense to the charges, his opposition being confined to a plea for clemency. He urges the following

facts: that no client suffered on account of his misdeeds; that his conduct was occasioned by an urgent need for money due to his wife's illness; that he co-operated fully in all investigations; and that he has been amply punished by means of the criminal proceedings. In connection with the last claim, he points out that he was the only one of several defendants indicted in connection with the actions of the lay solicitors who actually went to jail. While most of these contentions appear to be uncontrovertible, they do not appear to be of much significance. Especially as regards the last contention, it should not be necessary to iterate that this is not a penal proceeding, that the sanction to be meted out is not a criminal sentence, and that punishment is neither the aim nor the result of the proceeding.

Organized solicitation through the medium of lay employees or contacts has long been regarded as an unpardonable breach of professional ethics (*Matter of Levine*, 254 App. Div. 165; *Matter of Weinberger*, 259 App. Div. 592, affd. 285 N. Y. 812; *Matter of Horwitz*, 256 App. Div. 160). Here, while the respondent did not hire the solicitors in the sense that they were on his payroll, his association was so close and their joint activities so widespread that the effect is the same. The consequence must result in a determination that the respondent is unfit to remain a member of the Bar (*Matter of Weitz*, 11 A D 2d 76, affd. 9 N Y 2d 735). Moreover, such intensive solicitation cannot but fail, as it did here, to result in related breaches of the canons of ethics, and these lead to the same result (*Matter of Ariola*, 252 App. Div. 61).

Respondent should be disbarred.

BREITEL, J. P., RABIN, McNALLY, STEVENS and STEUER, JJ., concur.

Respondent disbarred.